UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIE JULIEN,

       Plaintiff,

v.                                        Case No.  8:10-cv-2358-T-24 TBM

DAVID WILLIAMS and
THE HERTZ CORPORATION,

       Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant Hertz Corporation's Motion to Dismiss. (Doc. No. 4). Plaintiff opposes the motion (Doc. No. 9).

Plaintiff alleges in her complaint that in 2007, she was injured in a car accident that involved a car negligently driven by Defendant Williams that was leased to him by Defendant Hertz. (Doc. No. 2). Defendant Hertz moves to dismiss the claim against it, because Plaintiff seeks to hold Hertz vicariously liable for Williams' negligence solely because Hertz leased the car to Williams, and such a claim is preempted by the Graves Amendment[1]. In response, Plaintiff cites to Florida Statute § 324.021(9)(b)(2)[2] and argues that the Graves Amendment does not preempt that statute or her claim. However, her argument has been uniformly rejected by almost all courts addressing the issue. See, e.g., Garcia v. Vanguard Car Rental USA, Inc., 510

---

[1] The Graves Amendment was enacted by Congress and preempts all state vicarious liability schemes that impose liability on lessors of motor vehicles where the vehicle is involved in an accident due to no fault of the lessor.

[2] Florida Statute § 324.021(9)(b)(2) caps a motor vehicle lessor's vicarious liability for car accidents that do not result from the lessor's negligence.

F. Supp.2d 821, 833 (M.D. Fla. 2007), aff'd, 540 F.3d 1242 (11th Cir. 2008); Dupuis v. Vanguard Car Rental USA, Inc., 510 F. Supp.2d 980, 984 (M.D. Fla. 2007); Bechina v. Enterprise Leasing Co., 972 So. 2d 925, 926 (Fla. 3d DCA 2007); Vargas v. Enterprise Leasing Co., 993 So. 2d 614, 623 (Fla. 4th DCA 2008); Karling v. Budget Rent A Car System, Inc., 2 So. 3d 354, 355 (Fla. 5th DCA 2008); West v. Enterprise Leasing Co., 997 So. 2d 1196, 1197 (Fla. 2d DCA 2008). As such, this Court finds that Plaintiff's claim against Hertz is preempted.

Plaintiff argues that her claim against Hertz should not be dismissed, because the Graves Amendment is unconstitutional. Again, her argument has been uniformly rejected by almost all courts addressing the issue. See, e.g., Garcia, 510 F. Supp.2d at 836-37; Garcia, 540 F.3d at 1253; Bechina, 972 So. 2d at 927; Vargas, 993 So. 2d at 623; Karling, 2 So. 3d at 355; West, 997 So. 2d at 1197. While Plaintiff makes reference to a 2007 Southern District of Florida case[3] that holds that the Graves Amendment is constitutional, the two 2007 Southern District of Florida cases that this Court has found are no longer good law. See Vanguard Car Rental USA, Inc. v. Drouin, 521 F. Supp.2d 1343 (S.D. Fla. 2007), vacated, 2009 WL 995141 (11th Cir. Jan. 21, 2009); Vanguard Car Renatl USA, Inc. v. Houchon, 532 F. Supp.2d 1371 (S.D. Fla. 2007), implicitly vacated, 2009 WL 995153 (S.D. Fla. Mar. 12, 2009). As such, the Court rejects Plaintiff's argument that the Graves Amendment is unconstitutional.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Hertz Corporation's Motion to Dismiss (Doc. No. 4) is **GRANTED**.

---

[3] Plaintiff cites to Vanguard Car Renatl USA, Inc. v. Drouin, case number 06-10083 (S.D. Fla. Sept. 13, 2007), which Plaintiff states is attached to her response, but there is no attachment. However, PACER indicates that the Drouin order was issued on October 5, 2007. Another case, Vanguard Car Renatl USA, Inc. v. Huchon, was issued on September 14, 2010 in the Southern District of Florida. Neither of these cases helps Plaintiff.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of November, 2010.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record