UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIE JULIEN,

    Plaintiff,

v.                                                      Case No.  8:10-cv-2358-T-24 TBM

DAVID WILLIAMS and
THE HERTZ CORPORATION,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Williams' Motion to Dismiss for Insufficient Service of Process.  (Doc. No. 6).  Plaintiff opposes the motion. (Doc. No. 8).  As explained below, the Court finds that Defendant Williams was not properly served.[1]

**I.  Background**

Plaintiff alleges in her complaint that she was injured in a car accident that involved a car negligently driven by Defendant Williams that was leased to him by Defendant Hertz.  (Doc. No. 2).  Defendant Williams, who is a resident of Great Britain, moves to dismiss the complaint due to insufficient service.

**II.  Motion to Dismiss**

Plaintiff argues that she properly served Defendant Williams by utilizing the service procedures set forth in Florida Statute § 48.161 and § 48.171.  Section 48.171 provides that a person who is not a resident of Florida that operates a motor vehicle in Florida is deemed to

---

[1] Defendant Williams also filed a motion for leave to file a reply brief.  (Doc. No. 11). However, because the Court finds that Plaintiff did not properly serve Defendant Williams, a reply brief is unnecessary.

consent to the Secretary of State as being the person's agent for service of process for any civil action in Florida against the person arising out of a collision that occurred in Florida involving the motor vehicle. Furthermore, when read in conjunction with § 48.171, § 48.161 provides that a non-resident defendant can be served by mailing a copy of the process with the statutory fee to Florida's Secretary of State and then mailing a notice of service and a copy of the process by registered or certified mail to the defendant.

Plaintiff contends that service was proper because she mailed a copy of the process and complaint to the Florida Secretary of State with the statutory fee and then mailed the notice of service of process, along with a copy of the process and a copy of the complaint, to Defendant Williams' home address in Great Britain via Express Mail International. (Doc. No. 6, Ex. A). Defendant Williams responds that he was not properly served because: (1) the purported service did not comply with the Hague Convention; and (2) Plaintiff did not file a return receipt signed by Defendant Williams, as required by § 48.161. Upon review, the Court agrees that Defendant Williams was not properly served.

### A. Service Under the Hague Convention and Federal Rule of Civil Procedure 4(f)

The Hague Service Convention[2] ("Hague Convention") is a treaty that provides a simplified "way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." Volkswagenwerk Aktiengessellschaft v. Schlunk, 468 U.S. 694, 698 (1988). Both the United States and the United Kingdom are parties to the treaty, and it applies to all civil cases where there is an occasion to transmit a judicial document for service abroad.

---

[2] 1969 WL 97765 (U.S. Treaty)

Article 2 of the Hague Convention provides that each contracting State shall designate a Central Authority that will receive requests for service from other contracting States and then will serve the document. The principal method for service under the Hague Convention is through the designated Central Authority.

Additionally, Article 10(a) of the Hague Convention provides that if "the State of destination does not object,[3] the [Hague] . . . Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." 1969 WL 97765 (U.S. Treaty). There is disagreement among the courts around the country regarding whether Article 10(a) *authorizes* service by mail (as opposed to simply not forbidding service by mail) and whether Article 10(a) applies to all judicial documents (as opposed to just the mailing of documents after the initial service of process).

Plaintiff contends that her purported service of Defendant Williams via Express Mail International was proper, since it comported with Article 10(a) of the Hague Convention. The United Kingdom has not objected to Article 10(a), and Plaintiff contends that Article 10(a) authorizes the service of all documents by mail, including initial service of process.

There is a split of authority within district courts of the Eleventh Circuit regarding whether service of process by mail is authorized by Article 10(a).[4] However, it appears that

---

[3]Article 21 of the Hague Convention requires each contracting State to indicate whether they object to Article 10. The responses of each contracting State can be found at http://www.minbuza.nl/en/treaties/004235.

[4]Intelsat Corp. v. Multivision TV LLC, 2010 WL 3368655, at *7 (S.D. Fla. Aug. 24, 2010)(finding that Article 10(a) of the Hague Convention does not permit service of process by certified mail); Conax Fla. Corp. v. Astrium Ltd., 499 F. Supp.2d 1287, 1293 (M.D. Fla. 2007)(finding that Article 10(a) applies to service of process); Lestrade v. U.S., 945 F. Supp. 1557, 1559 (S.D. Fla. 1996)(finding that Article 10(a) authorizes service of process by mail to

3

most of those courts have assumed that Article 10(a) affirmatively authorizes mailing (as long as the contracting State did not specifically object to Article 10(a)), but the courts disagree as to whether 10(a) applies to all judicial documents or whether it only applies to documents sent after process has been served.

This Court, on the other hand, finds that portions of the Ninth Circuit's opinion in Brockmeyer v. May, 383 F.3d 798 (2004), to be persuasive on this issue. In Brockmeyer, the court concluded that Article 10(a) of the Hague Convention permits service of process by international mail, as long as the receiving country does not object. See id. at 803. However, the court noted that while Article 10(a) permits such service, it "does not itself affirmatively authorize international mail service." Id. Therefore, the court concluded, "[a]ny affirmative authorization of service by international mail, and any requirements as to how that service is to be accomplished, must come from the law of the forum in which the suit is filed." Id. at 804. As a result, the court looked to Federal Rule of Civil Procedure 4(f) to determine if service by international mail was authorized. See id.

This Court agrees with the court in Brockmeyer that even if a contracting State does not object to Article 10(a), it neither authorizes nor forbids service of process by mail.[5] If Article

---

initiate litigation); Arco Electronics Control, Ltd. v. Core International, 794 F. Supp. 1144, 1147 (S.D. Fla. 1992)(finding that Article 10(a) does not authorize service of process by mail); Wasden v. Yamaha Motor Co., Ltd, 131 F.R.D. 206, 209 (M.D. Fla. 1990)(finding that Article 10(a) does not authorize service of process by mail); McClenon v. Nissan Motor Corp., 726 F. Supp. 822, 826 (N.D. Fla. 1989)(finding that Article 10(a) does not authorize service of process by mail).

[5]Other courts have followed this approach and concluded that Article 10(a) does not authorize service by mail, and instead, courts must look to Rule 4(f) for authorization. See, e.g., The Knit With v. Knitting Fever, Inc., 2010 WL 2788203, at *7-8 (E.D. Pa. July 13, 2010); Ballard v. Tyco International, Ltd., 2005 WL 1863492, at * 4 (D. N.H. Aug. 4, 2005).

10(a) was intended to authorize such service, it would make more sense to draft it to state that the Convention authorizes service by mail instead of stating that the "Convention shall not interfere with" the sending of documents by mail. Accordingly, this Court finds that if Rule 4(f) authorizes service by mail, and if the receiving country does not object to Article 10(a), then the Hague Convention will not interfere with such service (and thus, will not deem it to be improper).

Federal Rule of Civil Procedure 4(f) provides six methods of serving a foreign individual defendant, only two of which are possibly implicated in this case.[6] Specifically, the relevant portion of Rule 4(f)(1) provides for service of a foreign individual defendant as authorized by the Hague Convention. Additionally, the relevant portion of Rule 4(f)(2)(A) provides that if the Hague Convention allows other methods of service that are not specifically identified therein, then a plaintiff can serve a foreign individual defendant "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction."[7] As explained below, Plaintiff has not properly served Defendant Williams by utilizing a method for service described in Rule 4(f)(1) or Rule 4(f)(2)(A).

### 1. Service Under Rule 4(f)(1)

Rule 4(f)(1) provides for service of a foreign individual defendant as authorized by the

---

[6]The other four methods set forth in Rule 4(f) are not implicated in this case, as there has not been a letter rogatory issued or response thereto (Rule 4(f)(2)(B)), Defendant Williams was not personally served (Rule 4(f)(2)(C)(I)), the Clerk of this Court did not attempt service by mail (Rule 4(f)(2)(C)(ii)), and this Court did not order an alternate method of service (Rule 4(f)(3)).

[7]Article 19 of the Hague Convention provides that "[t]o the extent that the internal law of a contracting State permits methods of transmission, other than those provided for in the preceding articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions." 1969 WL 97765 (U.S. Treaty).

Hague Convention. The principal method for service under the Hague Convention is through the designated Central Authority. However, it is undisputed that Plaintiff did not attempt to utilize the Central Authority to serve Defendant Williams.[8] Furthermore, she did not utilize any other method of service that is affirmatively authorized under the Hague Convention, as this Court has found that Article 10(a) is not an affirmative authorization to serve foreign defendants by mail. Accordingly, there is no evidence that Defendant Williams was properly served by the method described in Rule 4(f)(1).

### 2. Service Under Rule 4(f)(2)(A)

Service under Rule 4(f)(2)(A) requires a showing that Plaintiff served Defendant Williams using a method allowed by Britain's law for service in Britain in an action in its courts of general jurisdiction. As such, in order to determine if service by mail was proper in this case under Rule 4(f)(2)(A), this Court must look to the law of Britain. See Prewitt Enterprises, Inc. v. OPEC, 353 F.3d 916, 925 (11th Cir. 2003)(looking to the law of the foreign country to determine if service by mail was proper under Rule 4(f)(2)(A)). However, neither party has directed this Court to any British law regarding the propriety of service by mail. As such, this Court cannot find that Defendant Williams was properly served under Rule 4(f)(2)(A).

Furthermore, even if there was evidence that British law allowed service by mail, Plaintiff still would not have satisfied this Court that she complied with Rule 4. Specifically, Rule 4(l) provides that when serving a foreign defendant under Rule 4(f)(2), proof of service consists of "a receipt signed by the addressee, or by other evidence satisfying the court that the

---

[8] According to http://www.minbuza.nl/en/treaties/004235, the Central Authority for England (modified in 2008) appears to be The Senior Master, The Foreign Process Department, Royal Courts of Justice, Strand, London WC2A 2LL, England, U.K.

summons and complaint were delivered to the addressee." Plaintiff has not provided a delivery receipt signed by Defendant Williams. Instead, Defendant Williams attached to his motion the delivery confirmation notice from the postal service, which does not show whether the mailing was received by anyone (and if so, who) or whether the mailing was simply left somewhere. (Doc. No. 6, Ex. A). As such, even if British law allowed service by mail, the Court would not be satisfied that there has been a showing that the summons and complaint were properly served under Rule 4(f)(2)(A).

### B. Proof of Service Under § 48.161

Additionally, Defendant Williams argues that if the Court finds that compliance with the Hague Convention and Rule 4(f) is not required if he was served in compliance with Florida Statute § 48.161, the Court should still find that service was insufficient. Specifically, he argues that Plaintiff did not properly serve him in accordance with Florida Statute § 48.161, because § 48.161 requires Plaintiff to mail him notice of service and a copy of the process by registered or certified mail and then to file a return receipt signed by Defendant Williams. See Hernandez v. State Farm Mut. Auto. Ins. Co., 32 So. 3d 695, 699 (Fla 4th DCA 2010); Chapman v. Sheffield, 750 So. 2d 140, 143 (Fla. 1st DCA 2000). Since Plaintiff did not file a return receipt signed by Defendant Williams, the Court agrees that Plaintiff did not comply with § 48.161.[9]

---

[9]Since Plaintiff did not comply with Florida Statute § 48.161, the Court need not reach the issue of whether service in compliance with § 48.161 would be sufficient, or whether the transmittal of the documents to Defendant Williams would still have to comply with Rule 4(f). The parties did not address this issue, and the Court has not found a clear answer. See, e.g., Easy Fly S.A.L. v. Aventura Aviation, Inc., 2010 WL 4683885, at *3 (S.D. Fla. Nov 10, 2010)(finding that even though Florida Statute § 48.161 authorizes service on non-residents of Florida by mail, such authorization does not trump the dictates of Rule 4(f), which applies to service on an individual in a foreign country); L.G. Phillips LCD Co., Ltd. v. Chi Mei Optoelectronics, Corp., 551 F. Supp.2d 333, 341-42 (D. Del. 2008)(finding that serving a foreign defendant by using a

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant Williams' Motion to Dismiss for Insufficient Service of Process (Doc. No. 6) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court finds that Defendant Williams was not properly served; however, the motion is **DENIED** to the extent that Defendant Williams seeks dismissal of this case.

(2) Plaintiff is directed to serve Defendant Williams and to file proof of service by February 22, 2011. Failure to do so will result in this Court dismissing this case without prejudice without further notice.

(3) Defendant Williams' Motion for Leave to File a Reply (Doc. No. 11) is **DENIED AS MOOT.**

**DONE AND ORDERED** at Tampa, Florida, this 15th day of December, 2010.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

state statute that authorized service on certain non-resident defendants by serving the Secretary of State and then sending notice of service by registered mail to the non-resident defendant required the delivery of judicial papers internationally, and such transmittal had to comply with Rule 4(f)); Conax, 499 F. Supp.2d at 1293 (finding that service on the foreign defendant by serving the Secretary of State and then mailing notice of service to the foreign defendant was proper because it complied with § 48.161; the court did not address whether the mailing of the notice of service to the foreign defendant complied with Rule 4(f)).